## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| MARQUISE J. MURPHY, | : | PRISONER CIVIL RIGHTS |
| Inmate No. 000920630, | : | 42 U.S.C. § 1983 |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 1:12-CV-3317-WSD-JSA |
| | : | |
| COBB COUNTY ADULT | : | |
| DETENTION CENTER; et al., | : | |
|     Defendants. | : | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff Marquise J. Murphy's *pro se* civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff has been granted *in forma pauperis* status, and the matter is before the Court on the complaint for a frivolity screening pursuant to 28 U.S.C. § 1915A.

I.    <u>28 U.S.C. § 1915A Frivolity Review</u>

Pursuant to 28 U.S.C. § 1915A, a federal court is required to conduct an initial screening of a prisoner complaint to determine whether the action is: (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008). A

district court also may dismiss a complaint if the alleged facts do not state a plausible claim for relief. *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the deprivation occurred under color of state law. *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010). If a plaintiff cannot satisfy those requirements, or fails to provide factual allegations in support of the claim, the complaint may be dismissed. *Id.* at 737-38.

II.    Discussion

A.    Plaintiff's Claims

Plaintiff has sued the Cobb County Adult Detention Center ("CCADC"), Cobb County Sheriff Neil Warren, Dr. Clarence Hendrix, and Cobb County correctional officers Colonel Beck and Colonel Prince. Plaintiff complains that: (1) prior to his arrest, on May 1, 2012, Plaintiff was in a "life threatening" accident which caused devastating pain in his back; (2) following the accident, Plaintiff was rushed to Kennestone Hospital where a doctor examined him and released him

2

with a prescription that consistently helped with the pain; (3) following the accident, Plaintiff also attended physical therapy for his back pain; (4) on July 8, 2012, Plaintiff was arrested and brought to CCADC; (5) upon his arrival, Plaintiff notified the staff at CCADC about the history of his back pain, "to no avail;" (6) despite his repeated requests to see a doctor and receive the medication he previously had received for his intense pain, Plaintiff only has been examined by a physician's assistant who merely prescribed Tylenol; (7) the living conditions at the CCADC are causing Plaintiff mental anguish and heavy depression; (8) specifically, there is black mold and rust lining the walls of the day room, showers, and Plaintiff's cell, the water has visible particles in it, the ventilation systems are clogged with dust, the showers are filled with mold and mildew, the railings and stairs are rusted and sway, the ceiling tiles are dilapidated and water-logged, and the cell doors sometimes jam when opening and closing.  Plaintiff seeks equitable and monetary relief.

      B.      <u>Analysis of Plaintiff's Claims</u>

            1.      <u>The CCADC Is Not A Proper Party</u>

First, the CCADC is a building and not a "person" within the meaning of 42 U.S.C. § 1983. *See Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir.

1995) (in order to state a claim under § 1983, the plaintiff must allege that the action or omission was committed by a person acting under color of state law); *see also Nelson v. Lexington Cty. Det. Ctr.*, No. 8:10-cv-2988-JMC, 2011 WL 2066551, at *1 (D. S.C. May 26, 2011) (finding detention center is a building and not a person amenable to suit under § 1983); *Jones v. St. Tammany Parish Jail*, 4 F.Supp.2d 606, 613 (E.D. La. 1998) (dismissing the defendant jail under § 1983 because it is a building, not an entity).  Thus, the CCADC should be dismissed from this action.

### 2.    Plaintiff Is Not Entitled To Release

To the extent that Plaintiff seeks release, any such relief is not cognizable under § 1983.  *Grider v. Cook*, No. 12-16291, 2013 WL 2981792, at *1 (11th Cir. June 17, 2013).  *See also Fernandez v. United States*, 941 F.2d 1488, 1494 (11th Cir. 1991) (stating that "[r]elease from confinement is not a possible remedy" from prison conditions that violate the Eighth Amendment).[1]  Thus, Plaintiff may not seek release from confinement in this § 1983 action.

---

[1] Moreover, Plaintiff currently is not at CCADC but is in federal custody, and it is not clear if and when he will return.   (*See* Docs. 9, 10).

4

3.    Deliberate Indifference To Serious Medical Needs

Deliberate indifference to an inmate's serious medical needs violates the Eighth and Fourteenth Amendments, and the standard is the same under both amendments. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Marsh v. Butler Cty., Ala.*, 268 f.3d 1014, 1024 n.5 (11th Cir. 2001); *Lancaster v. Monroe Cty., Ala.*, 116 F.3d 1419, 1425 (11th Cir. 1997).  In order to state a claim for inadequate medical treatment, a plaintiff must demonstrate (1) an objectively serious medical need that, left unattended, poses a substantial risk of serious harm, and (2) "that the response made by public officials to that need was poor enough to constitute 'an unnecessary and wanton infliction of pain,' and not merely accidental inadequacy, 'negligen[ce] in diagnosi[s] or treat[ment],' or even '[m]edical malpractice' actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (citing *Estelle*, 429 U.S. at 105-06).  "When the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference." *Mandel v. Doe*, 888 F.2d 783, 789 (11th Cir. 1989).

Plaintiff alleges that the medical doctor (presumably Dr. Hendrix) would not examine Plaintiff despite Plaintiff's constant medical requests about his severe

5

back pain.  Plaintiff also claims that the physician's assistant refused to give him the medications prescribed to effectively treat his pain, and instead merely provided him with Tylenol which did not alleviate his pain.  At this stage of the proceedings, the undersigned finds that Plaintiff has sufficiently alleged a possible medical deliberate indifference claim to survive frivolity review.  *See McElligott v. Foley*, 182 F.3d 1248, 1257-58 (11th Cir. 1999) (reversing grant of summary judgment to defendants on plaintiff's deliberate indifference claim where the medications that defendants provided plaintiff, including Tylenol, did not alleviate plaintiff's severe pain and defendants knowingly chose a less efficacious treatment "rather than try[ing] to diagnose and treat" plaintiff's condition).

### 4.    Conditions At CCADC

Plaintiff also complains that at CCADC there is black mold on the walls, mold and mildew in the showers, particles in the water, the ventilation system is clogged with dust, the safety railings and stairs are rusted and "sway," the ceiling tiles are dilapidated and water logged, and the cell doors sometimes jam when opening and closing.  To state a viable claim that living conditions violate an inmate's constitutional rights, the inmate must allege facts supporting a plausible finding that: (1) the alleged deprivation is objectively serious, *i.e.*, there is a

6

substantial risk of harm; (2) the defendant acted with deliberate indifference to that risk, *i.e.*, he was not merely negligent; and (3) the defendant's deliberate indifference caused the constitutional deprivation. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). "The challenged condition must be 'extreme'" and pose "'an unreasonable risk of serious damage'" to the inmate's future health or safety. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004) (citations omitted). "Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain." *Id.* (quotation marks omitted).  Finally, an inmate cannot recover damages for mental or emotional injury from challenged living conditions "without a prior showing of physical injury." 42 U.S.C. § 1997(e).

Plaintiff's allegations do not support a plausible finding that his living conditions at CCADC were "extreme" and/or pose a risk of serious harm to him that rises to the level of a constitutional violation.  Indeed, as the undersigned noted *supra*, in FN 1, Plaintiff no longer is located at CCADC.  Moreover, Plaintiff has not alleged that any of the conditions caused him, or for that matter, any other inmate, to suffer harm, and his legal conclusion that these conditions "are

detrimental to [his] health and well being" is insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions . . . will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (citation and quotation marks omitted); *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003) ("[L]egal conclusions masquerading as facts will not prevent dismissal.").

In short, Plaintiff's factual allegations and the fact that he is no longer at CCADC do not support a plausible finding that he faces an unreasonable risk of serious harm. The alleged conditions certainly would not be considered ideal, but "the Constitution does not mandate comfortable prisons" or proscribe harsh prison conditions. *Rhodes v. Chapman*, 452 U.S. 337, 347-49 (1981); *see also Alfred v. Bryant*, 378 F. App'x 977, 980 (11th Cir. 2010) ("'Inmates cannot expect the amenities, conveniences and services of a good hotel.'") (citations omitted).

Even if Plaintiff had alleged an objectively serious deprivation of minimally adequate living conditions and resulting harm, he still has failed to allege facts that would indicate that any Defendant was deliberately indifferent to the alleged conditions – *i.e.*, that Defendants knew of a serious risk of harm to Plaintiff from the alleged conditions and wantonly failed to respond to that risk. *See Chandler*,

8

379 F.3d at 1289-90.  While Plaintiff's claim that Defendants are not doing enough to keep CCADC as sanitary as possible may state a viable claim for negligence, "[n]egligence does not suffice to satisfy [the deliberate indifference] . . . standard." *Chandler*, 379 F.3d at 1289.  Thus, Plaintiff's conditions of confinement claim should be dismissed.  *See, e.g., Alfred*, 378 F. App'x at 980 (holding that living conditions in jail cell consisting of steel bed with no mattress for eighteen days and occasionally overflowing toilet were "not so extreme as to violate contemporary standards of decency"); *Wilson v. Lynaugh*, 878 F.2d 846, 849 & n.5 (5th Cir. 1989) (holding inmate failed to state a claim with regard to allegations of inadequate ventilation, unsanitary water, fifty-two inmates sharing one ice cooler, the restroom was four feet from the dining area, toilets were leaking, and unsanitary living quarters, noting that the Constitution does not protect prisoners from "discomfort and inconvenience" and prisoners "cannot expect the amenities, conveniences, and services of a good hotel"); *Harris v. Fleming*, 839 F.2d 1232, 1234-35 (7th Cir. 1988) (holding that inmate's confinement for twenty-eight days "in a filthy, roach -infested cell" without toilet paper, soap, toothpaste, or a toothbrush for some of that time was not unconstitutional); *Shrader v. White*, 761 F.2d 975, 984 (4th Cir. 1985) (holding that allegations of a shower area where rust

stains were plentiful and mold and mildew were present failed to state an Eighth Amendment claim); *Harris v. Gusman*, 2013 WL 1786797, at *6 (E.D. La. Mar. 8, 2013) (stating that dust, mildew and mold, "while admittedly unpleasant," did not amount to constitutional violations).

III.    Conclusion

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's claims against CCADC and his conditions of confinement claim be **DISMISSED** for failure to state a claim.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claim for deliberate indifference to his serious medical needs be allowed to proceed.[2]

_____

[2] It is not clear whether Plaintiff raised this claim against all of the remaining Defendants or just Dr. Hendrix; however, those Defendants may raise that issue in a motion to dismiss.

10

If this Report and Recommendation is adopted or any of Plaintiff's claims are otherwise permitted to proceed, the Clerk is **DIRECTED** to resubmit this matter to the undersigned for instructions on issuing and effecting service of process.

**IT IS SO RECOMMENDED** this 17th day of October, 2013.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

11