IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARQUISE J. MURPHY,

        **Plaintiff,**

v.

COBB COUNTY ADULT
DETENTION CENTER; et. al.,

        **Defendant.**

1:12-cv-3317-WSD

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Justin S. Anand's Report and Recommendation ("R&R") [11], on Plaintiff Marquise J. Murphy's prisoner civil rights action.

**I.   BACKGROUND**

    A.    <u>Procedural History</u>

On September 21, 2012, Plaintiff Marquise J. Murphy ("Plaintiff") filed this action against the Cobb County Adult Detention Center ("CCADC"), Cobb County, Georgia, Sheriff Neil Warren, Dr. Clarence Hendrix, and Cobb County corrections officers Colonel Beck and Colonel Prince, seeking equitable and monetary relief, alleging violations of his civil rights, pursuant to 42 U.S.C. § 1983.  On October 17, 2013, the Magistrate Judge issued his R&R,

recommending that (i) Plaintiff's claims against the Cobb County Adult Detention Center ("CCADC") be dismissed, because the CCADC is not a party that can be sued; (ii) Plaintiff's conditions of confinement claim be dismissed, because Plaintiff is no longer incarcerated at the CCADC, and because the conditions he faced did not amount to cruel and unusual punishment; and (iii) Plaintiff's claim for deliberate indifference to his medical needs be permitted to proceed.[1]  The parties did not object to the R&R.

B.   Facts[2]

On May 1, 2012, Plaintiff alleges that he was involved in a "life-threatening" accident that caused serious injuries to his back.  The doctor who treated Plaintiff at Kennestone Hospital prescribed a medication that consistently managed Plaintiff's pain.

On July 8, 2012, Plaintiff was arrested on unspecified charges, and brought to the CCADC.  Plaintiff alleges that he informed the CCADC staff of his serious back pain, "to no avail."  Plaintiff contends that he repeatedly requested to see a doctor and obtain the medication he previously took to manage his back pain, but

---

[1] The Magistrate Judge also determined that, to the extent Plaintiff asks for release from confinement, Plaintiff may not obtain his release under § 1983.

[2] The facts are taken from the R&R.  The parties have not objected to any specific facts determined in the R&R.  The Court finds no plain error in the facts in the R&R and adopts them.  See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

he was only examined by a physician's assistant, who prescribed him Tylenol.

Plaintiff alleges the living conditions at the CCADC are substandard. Specifically, Plaintiff alleges (i) there is black mold in the day room, shower room, and his cell; (ii) there are particles visible in the CCADC water; (iii) dust is clogging the ventilation system; (iv) the showers contain mold and mildew; (v) the railings and stairs are rusted; (vi) the ceiling tiles are in poor condition; and (vii) the cell doors jam when opening and closing.

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). If no party has objected to the report and recommendation, a court conducts only a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam). The parties did not object to the R&R, and the Court reviews it for plain error.

B.   Analysis

1.   *Claims against CCADC*

The Magistrate Judge found that the CCADC is not a person, and that it therefore cannot be sued under § 1983.  The Magistrate Judge recommends that the CCADC be dismissed from this action, and the Court finds no plain error in this recommendation.  See Grant v. Chatham Cnty. Jail, Nos. CV407-185, CV408-003, 2008 WL 516702, at *2 (S.D. Ga. 2008) (noting that a county jail is not a proper defendant under § 1983).

2.   *Conditions of Confinement Claim*

The Magistrate Judge found that Plaintiff is no longer being housed at the CCADC, and that Plaintiff's allegations do not support a finding that the conditions he faced at the CCADC amounted to cruel and unusual punishment under the Eighth Amendment.  The Magistrate Judge thus recommends that Plaintiff's claim related to the conditions of his confinement be dismissed, and the Court finds no plain error in this recommendation.  See Rhodes v. Chapman, 452 U.S. 337, 348 (1981) ("[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional.  To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society."); Chandler v. Crosby, 379 F.3d

1278, 1289 (11th Cir. 2004) ("Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain."); Alfred v. Bryant, 378 F. App'x 977, 980 (11th Cir. 2010) ("Inmates cannot expect the amenities, conveniences and services of a good hotel.") (citation omitted)

### 3. *Deliberate Indifference to Medical Needs Claim*

The Magistrate Judge found that Plaintiff demonstrated an objectively serious medical need that posed a substantial risk of harm, and that Plaintiff alleged facts to assert a possible deliberate indifference claim. The Magistrate Judge thus recommends that Plaintiff's claim for deliberate indifference to his medical needs be allowed to proceed, and the Court finds no plain error in this recommendation. See McElligott v. Foley, 182 F.3d 1248, 1257-58 (11th Cir. 1999) (reversing grant of summary judgment to defendants on plaintiff's deliberate indifference claim where the medications that defendants provided to plaintiff, including Tylenol, did not alleviate plaintiff's severe pain, and defendants knowingly chose a less efficacious treatment option); Mandel v. Doe, 888 F.2d 783, 789 (11th Cir. 1989) ("When the need for treatment is obvious, medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference.")

### III.  CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Report and Recommendation [11] is **ADOPTED**.  Plaintiff Marquise L. Murphy's claims against the Cobb County Adult Detention Center are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim related to the conditions of his confinement is **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff's claim of deliberate indifference is **ALLOWED TO PROCEED**.

**SO ORDERED** this 4th day of April, 2014.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE