**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| MARQUISE J. MURPHY, | : | PRISONER CIVIL RIGHTS |
| Plaintiff, | : | 42 U.S.C. § 1983 |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-3317-WSD-JSA |
| NEAL WARREN, et al., | : | |
| Defendants. | : | |

## MAGISTRATE JUDGE'S FINAL REPORT AND RECOMMENDATION

On September 21, 2012, Plaintiff submitted the instant civil rights action pursuant to 42 U.S.C. § 1983, in which he complained that while he was at the Cobb County Adult Detention Center ("CCADC"), Defendants were deliberately indifferent to his serious medical needs. The matter is before this Court on Defendants' motions to dismiss. (Docs. 25, 26). Although the Court provided Plaintiff with an extension of time to respond to the motions, he has not filed any response. The motions are thus deemed unopposed. *See* L.R. 7.1B, N.D. Ga. ("Failure to file a response shall indicate that there is no opposition to the motion.").

In the complaint, Plaintiff alleged, *inter alia* that: (1) prior to his arrest, on May 1, 2012, Plaintiff was in a "life threatening" accident which caused devastating pain in his back; (2) following the accident, Plaintiff was rushed to

Kennestone Hospital where a doctor examined him and released him with a prescription that consistently helped with the pain; (3) Plaintiff also attended physical therapy; (4) on July 8, 2012, Plaintiff was arrested and brought to CCADC; (5) upon his arrival, Plaintiff notified the staff at CCADC about the history of his back pain, "to no avail;" and (6) despite his repeated requests to see a doctor and receive the medication he previously had received for his intense pain, Plaintiff only has been examined by a physician's assistant who merely prescribed Tylenol. (Doc. 1). The undersigned conducted a *sua sponte* screening review of the complaint on October 17, 2013, as required by 28 U.S.C. § 1915A, and concluded that "[a]t this stage of the proceedings, the undersigned finds that Plaintiff has sufficiently alleged a possible medical deliberate indifference claim to survive frivolity review." (Doc. 11 at 6). The undersigned expressly identified certain potential pleading deficiencies with the Complaint but indicated that these issues would be more appropriately considered in the context of motions to dismiss. *Id.* at n. 2. U.S. District Judge William S. Duffey, Jr. adopted the recommendation on April 4, 2014. (Doc. 13).

Defendant Hendrix filed a motion to dismiss the complaint on June 16, 2014 [Doc. 25], and Defendants Warren, Beck, and Prince (hereinafter "the CCSO

2

Defendants") filed their motion to dismiss on June 24, 2014 [Doc. 26]. The CCSO

Defendants argue that the complaint should be dismissed because it contains no

factual allegations against any of them. (Doc. 26). Defendant Hendrix argues that:

(1) the complaint does not state a claim for deliberate indifference against

Defendant Hendrix; (2) Defendant Hendrix is a private actor not subject to § 1983

liability; and/or (3) Dr. Hendrix is entitled to qualified immunity. (Doc. 25). For

the following reasons, the undersigned recommends that both motions to dismiss

[Docs. 25, 26] be **GRANTED**.

I.      Discussion

        A.      Standard of Review

        A defendant may move to dismiss a complaint for failure to state a claim on

which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a motion to

dismiss, a complaint must contain sufficient factual matter, accepted as true, to

state a claim to relief that is plausible on its face. *Key v. Lundy*, 563 F. App'x 758,

759 (11th Cir. 2014).

        When considering a motion to dismiss pursuant to Rule 12(b)(6), the

complaint is construed in the light most favorable to the plaintiff and its allegations

are taken as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *American United*

3

*Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1057 (11th Cir. 2007).  Moreover, "a *pro se* pleading is to be construed more liberally than a counseled pleading." *Alsobrook v. Alvarado*, 477 F. App'x 710, 711 (11th Cir. 2012); *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," something "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" is necessary.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – 'that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

### B.    Claims Against the CCSO Defendants

The CCSO Defendants argue that they should be dismissed because other than using their names in the caption of the case, Plaintiff has provided no factual allegations whatsoever of wrongdoing by any of the CCSO Defendants.    The Court agrees.[1]  Even construing the facts liberally, Plaintiff only has provided the

---

[1]  As noted above, the undersigned previously recommended pursuant to its *sua sponte* screening review that "[a]t this stage of the proceedings, the undersigned finds that Plaintiff has sufficiently alleged a possible medical

AO 72A
(Rev.8/82)

CCSO Defendants' names in the caption of the complaint and has alleged no facts concerning any of these Defendants that would be sufficient to put them on notice of the claims against them. The undersigned therefore recommends that the CCSO Defendants' motion to dismiss [Doc. 25] be granted. *See, e.g., Carillo v. Hickenlooper*, No. 12-cv-2034-RM-MEH, 2014 WL 1977984, at *10 (D. Colo. May 14, 2014) (adopting magistrate judge's recommendation and granting defendants' motion to dismiss where plaintiffs only named those defendants in the caption of the case but alleged no facts supporting those claims); *Jaffer v. Chemical Bank*, No. 93 CIV. 8459 (KID), 1994 WL 392260, at *3 (S.D. N.Y. July 26, 1994) ("When a complaint's caption names a defendant but the complaint does

---

deliberate indifference claim to survive frivolity review." (Doc. 11 at 6). Plainly, the Court's initial frivolity screening review, which was undertaken before Defendants were served and appeared, does not preclude a subsequent deeper analysis of whether the Complaint states a claim with the assistance of fully-briefed motions under Rule 12(b)(6). *See Cusamano v. Sobek*, 604 F.Supp.2d 416, 435 (N.D.N.Y. 2009) (A determination that a prisoner complaint survives the initial § 1915A screening does not preclude later dismissal under Fed.R.Civ.P. 12(b)(6) or § 1915(e)(2)). Indeed, the undersigned in performing the frivolity screening expressly questioned whether the Complaint adequately specified the factual basis for liability for these particular Defendants but noted that this issue could be raised later in appropriate motions once Defendants joined the case. *See* (Doc. 10 n. 2).

AO 72A
(Rev.8/82)

not indicate that the named party injured the plaintiff or violated the law, the motion to dismiss must be granted.").

    C.    <u>Claim Against Defendant Hendrix</u>

        1.    <u>Defendant Hendrix Acted Under Color Of State Law.</u>

Under 42 U.S.C. § 1983, every person "who acts under color of state law to deprive another of a constitutional right [is] answerable to that person in a suit for damages." *Rehberg v. Paulk*, __ U.S. __, 132 S. Ct. 1497, 1501 (2012) (internal quotations and citations omitted). Defendant Hendrix argues that he is a private actor because he is employed by a private entity and not the state. Defendant Hendrix's argument is unavailing, however, as despite the fact that Defendant Hendrix is not employed by the CCADC, he concedes that he is under contract with Cobb County to provide medical care to inmates. Thus, he is considered a state actor under § 1983. *See West v. Atkins*, 487 U.S. 42, 54 (1988) ("Respondent, as a physician employed by North Carolina to provide medical services to state prison inmates, acted under color of state law for purposes of § 1983 when undertaking his duties in treating petitioner's injury. Such conduct is fairly attributable to the State."); *Gary v. Modena*, No. 05-16973, 2006 WL 3741364, at *4 (11th Cir. Dec. 21, 2006) ("A prison physician who furnishes medical services

6

to state prison inmates as part of his contractual duties to that state acts under color of state law for the purposes of § 1983."); *Farrow v. West*, 320 F.3d 1235, 1239 n.3 (11th Cir. 2003) ("[A] private physician . . . under contract with a state to provide medical care to inmates acts 'under color of state law for purposes of section 1983 when undertaking his duties to treat an inmate.'") (citations omitted); *Bishop v. Karney*, 408 F. App'x 846, 848 (5th Cir. 2011) ("A private doctor under contract with a state prison to provide medical care to prisoners is considered a state actor because his action in providing medical care to prisoners is fairly attributable to the state."); *Johnson v. Karnes*, 398 F.3d 868, 876 (6th Cir. 2005) ("[P]rivate physicians serving inmate populations satisfy the state-action requirement of the statute.").

     2.    <u>Plaintiff Has Failed To State A Deliberate Indifference Claim Against Dr. Hendrix.</u>

In the complaint, Plaintiff states that since he arrived at the CCADC he has filed grievances, completed medical request forms, but that no one "is acknowledging [his] pain and suffering." (Doc. 1 at 5). Plaintiff further complains that a physician's assistant prescribed him Tylenol, which "was unprofessional," and did not refer him to a "certified doctor." (*Id.*).

7

The Due Process Clause of the Fourteenth Amendment protects pre-trial detainees from deliberate indifference to their serious medical needs, and their claims are subject to the same scrutiny as medical care claims under the Eighth Amendment. *Mann v. Taser, Int'l, Inc.*, 588 F.3d 1291, 1306 (11th Cir. 2009). To prove deliberate indifference to a serious medical need, the plaintiff must show a serious medical need, the defendant's deliberate indifference to that need, and causation between the defendant's indifference and the plaintiff's injury. *Youmans v. Gagnon*, 626 F.3d 557, 563 (11th Cir. 2010). To specifically establish the deliberate indifference component, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (3) disregard of that risk; (3) by conduct that is more than [gross] negligence." *Id.* at 564. To survive a motion to dismiss for failure to state a claim, a complaint based on prison officials' deliberate indifference must provide factual assertions plausibly alleging that the official acted with a "sufficiently culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Defendant Hendrix argues that Plaintiff's back pain is not a serious medical need and that Plaintiff's allegations do not sufficiently allege deliberate indifference by Defendant Hendrix.   The undersigned agrees.

8

First, Plaintiff has not demonstrated that his back pain – the alleged serious medical need to which Plaintiff claims Defendant Hendrix was deliberately indifferent – was so serious that if left unattended posed a substantial risk of serious harm. *See Wilson v. Smith*, 567 F. App'x 676, 678 (11th Cir. 2014) ("'[T]he medical need must be one that, if left unattended, poses a substantial risk of serious harm.'") (quoting *Mann*, 588 F.3d at 1307). Indeed, back pain is not considered to be a serious medical need in this Circuit. *See Burley v. Upton*, 257 F. App'x 207, 210 (11th Cir. 2007) (stating that "lower back pain is not the type of serious condition this circuit requires" because it is not "so serious that 'if left unattended, [it] pose[d] a substantial risk of serious harm.'") (citations omitted). *See also Long v. Kirby*, No. 2:11-CV-294, 2014 WL 1153445, at *14 (N.D. Ga. Mar. 21, 2014) (holding that the defendant's actions did not constitute deliberate indifference because*, inter alia*, "there is no evidence that Plaintiff's back pain constituted a serious medical need"); *Wilson v. White*, No. CV512-130, 2014 WL 3925293, at *4 (S.D. Ga. Aug. 11, 2014) (granting summary judgment on plaintiff's deliberate indifference claim because, *inter alia*, there was nothing before the court to indicate that his alleged back pain was a serious medical need);

9

*Calhoun v. Umeasor*, No. 12 Civ. 7238 (AJN), 2014 WL 1229592, at *4 (S.D. N.Y. Mar. 21, 2014) (holding back pain not "sufficiently serious").

Even if Plaintiff's back pain were sufficiently serious, however, as with the CCSO Defendants, Plaintiff has provided no facts whatsoever to support a claim against Defendant Hendrix that would put Defendant Hendrix on notice of the claim against him.  Instead, Plaintiff alleges that a physician's assistant only gave him Tylenol for his pain and would *not* refer him to a certified doctor.  Since Plaintiff's only allegations involve a physician's assistant and not Dr. Hendrix, these facts – even construed liberally – do not connect Defendant Hendrix to any alleged denial of medical care, including, but not limited to, any subjective knowledge Defendant Hendrix had of an alleged risk of harm to Plaintiff and/or his culpable state of mind.  Moreover, at most Plaintiff's allegations that the physician's assistant provided Plaintiff only with Tylenol – which was "unprofessional" – constitute a disagreement with the course of treatment and do not amount to deliberate indifference.  *See Smith v. Florida Dep't of Corr.*, 375 F. App'x 905, 910 (11th Cir. 2010) ("[A] simple difference in medical opinion between the prison's medical staff and the inmate regarding the course of treatment does not state an Eighth Amendment claim."); *Hamm v. DeKalb Cnty.*, 774 F.2d

10

1567, 1575 (11th Cir. 1985) (stating that the mere fact that the prison inmate desires a different mode of treatment does not amount to deliberate indifference). Thus, Defendant Hendrix's motion to dismiss the deliberate indifference claim against him also should be granted. *See*, *e.g.*, *Mitchell v. Thompson*, 564 F. App'x 452, 458-59 (11th Cir. 2014) (affirming district court's dismissal of deliberate indifference claims against the defendants because the plaintiff failed to allege facts showing that the defendants had subjective knowledge of a risk of serious harm to him); *Baez v. Rogers*, 522 F. App'x 819, 821 (11th Cir. 2013) (affirming district court's dismissal of complaint for deliberate indifference because the plaintiff's allegations failed to allege a serious medical need and/or only alleged a difference of medical opinion as to what course of treatment was appropriate); *Wilson*, 2014 WL 3925293, at *4 (granting defendant's motion to dismiss deliberate indifference claim where there was nothing before the court that would indicate that the defendant was aware of the plaintiff's alleged back pain and/or was deliberately indifferent thereto, and at best the complaint alleged that the plaintiff made a statement about his back pain to a medical care provider other than the defendant); *Calhoun*, 2014 WL 1229592, at *4 (granting defendants' motion to dismiss the complaint because the plaintiff failed to allege a condition of

11

urgency, at most the plaintiff alleged that the defendants made different treatment decisions in treating his back pain than previous physicians, and did not allege the prison officials' culpable state of mind); *Coleman v. Terry*, No. 5:11-CV-496-MTT-MSH, 2012 WL 6216749, at *3 (M.D. Ga. Nov. 20, 2012) (granting motion to dismiss deliberate indifference claims where the plaintiff generally asserted that he was not given medical treatment that he wanted or in a timely manner, because the claim was not asserted against a specific defendant); *Nesmith v. Beaver Cnty Jail*, No. 11-388, 2012 WL 3245495, at *7 (W.D. Pa. Aug. 8, 2012) (granting defendants' motion to dismiss deliberate indifference claims where the plaintiff merely stated that "medical staff" refused to address, among other things, his back pain).

Finally, because Plaintiff's allegations do not establish that Defendant Hendrix was deliberately indifferent to Plaintiff's serious medical needs, Defendant Hendrix would be entitled to qualified immunity. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009) ("[Q]ualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."); *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013)

(reversing denial of qualified immunity to defendants where the plaintiff failed to allege that they knew of the risk to the plaintiff and therefore did not sufficiently allege deliberate indifference).

II.     Conclusion

In light of the foregoing analysis, the undersigned **RECOMMENDS** that both motions to dismiss [Docs. 25, 26] be **GRANTED** and that this case be **DISMISSED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED** this 12th day of November, 2014.

_____
JUSTIN S. ANAND
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)