IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MARQUISE J. MURPHY,

        Plaintiff,

v.

NEIL WARREN, et al.,

        Defendants.

1:12-cv-3317-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Justin S. Anand's Final Report and Recommendation ("R&R") [39], which recommends granting both Dr. Clarence Hendrix, M.D.'s ("Hendrix") Motion to Dismiss [25] and Sheriff Neil Warren, Deputy Chief Milton Beck, and Lt. Colonel Janet Prince's (the "CCSO Defendants")[1] Motion to Dismiss [26].

## I.   BACKGROUND

On September 21, 2012, Plaintiff Marquise J. Murphy ("Plaintiff"), a prisoner at the Cobb County Adult Detention Center ("CCADC") in Marietta, Georgia, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C.

---

[1] The CCSO Defendants are employed by the Cobb County Sheriff's Office.

§ 1983 against Hendrix[2] and the CCSO Defendants.[3]  He alleges deliberate indifference to a serious medical condition resulting from an injury to his back. (Compl. at 4-5).

The Complaint does not allege any factual allegations or legal claims against the CCSO Defendants.  The CCSO Defendants are listed as defendants only in the caption of the Complaint.

Plaintiff alleges in his Complaint and Amended Complaint that a "[p]hysician [a]ssistant," "Cobb County Medical employee's, [sic]" and Cobb County "facility doctors" deprived him of his constitutional right to medical care

---

[2] On October 25, 2012, Plaintiff filed a "Motion for First Amendment to Verified Complaint," [6] ("Amended Complaint").  Plaintiff does not allege any new factual allegation, and appears only to amend his request for damages and to add Hendrix as a captioned defendant.  (Amended Complaint at 1-2).  The Court, accordingly, cites to Plaintiff's initial Complaint for the factual allegations he asserts in this case

[3] Plaintiff's Complaint alleges also that the living conditions at the CCADC are substandard.  Plaintiff alleges that: (i) there is black mold in the day room, shower room, and his cell; (ii) there are particles visible in the CCADC water; (iii) dust is clogging the ventilation system; (iv) the showers contain mold and mildew; (v) the railings and stairs are rusted; (vi) the ceiling tiles are in poor condition; and (vii) the cell doors jam when opening and closing.  (Compl. at 6). On October 11, 2013, the Magistrate Judge recommended [11] that Plaintiff's claims against CCADC be dismissed for failure to state a claim.  On April 4, 2014, the Court adopted [13] the Magistrate Judge's recommendations, finding no plain error in the Magistrate Judge's findings that Plaintiff's allegations did not support a finding that the conditions he faced at the CCADC amounted to cruel and unusual punishment under the Eighth Amendment, and dismissing Plaintiff's claims against the CCADC.  (April 4, 2014, Order, at 4).

for an injury he suffered, on May 1, 2012, from a "life threatening accident." (Id.). Plaintiff alleges that, as a result of his accident, he continues to suffer "devastating pain in [his] upper and lower back." (Id. at 4). Following this accident, Plaintiff was "rushed to Kennestone Hospital where [he] was checked by a doctor and later released, with a prescription." (Id.). After the hospital visit, Plaintiff "attended physical therapy, [sic] and was prescribed proper medicine that was a constant help toward the pain." (Id.).

On July 8, 2012, Plaintiff was arrested and detained at CCADC on unspecified charges. (Id.). Upon his arrival, Plaintiff "confirmed to facility doctors actual problems that caused pain in [his] upper and lower back." (Id.). At CCADC, Plaintiff claims "[a] physician assistant prescribed [him] Tylenol which was unprofessional." (Id. at 5). Plaintiff contends that "Cobb County Medical is suppost [sic] to prefer [sic] [him] to a certified doctor which didn't happen." (Id.). Plaintiff alleges that he is "constantly grieving, completing medical request forms, and noyone [sic] is acknowledging [his] pain and suffering." (Id.). Plaintiff alleges further that "[t]he neglect and abandonment of Cobb County Medical employees, caused and is still causing constant pain and suffering . . . in [his] upper and lower back," "mental anguish," "stress," and "loss of sleep." (Id.).

On June 6, 2014, Hendrix filed his Motion to Dismiss [25], and, on June 24, 2014, the CCSO Defendants filed their Motion to Dismiss [26] (collectively, the "Motions").

On July 31, 2014, Plaintiff filed a Motion for Extension of Time [29] to respond to the Motions. On September 26, 2014, the Magistrate Judge ordered [37] Plaintiff to file his response to the Motions within thirty (30) days. Plaintiff did not file a response to the Motions, and the Motions are deemed unopposed. See LR 7.1B, NDGa. ("Failure to file a response shall indicate that there is no opposition to the motion."). On November 12, 2014, the Magistrate Judge issued his R&R, recommending that the Motions be granted. Plaintiff did not file objections to the R&R.

## II.   DISCUSSION

### A.   Legal Standard

#### 1.   Review of a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1) (Supp. IV 2010); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam). A district judge "shall make a de novo determination of those portions of the report

4

or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). With respect to those findings and recommendations to which objections have not been asserted, the Court must conduct a plain error review of the record. United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

2. Motion to Dismiss for Failure to State a Claim

Dismissal of a complaint, pursuant to Rule 12(b)(6), is appropriate "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993). In considering a motion to dismiss, the Court accepts the plaintiff's allegations as true and considers the allegations in the complaint in the light most favorable to the plaintiff. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Watts v. Fla. Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007); see also Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999). The Court is not required to accept a plaintiff's legal conclusions as true. See Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1260 (11th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)), abrogated on other grounds by Mohamad v. Palestinian Auth., — U.S. —, 132 S. Ct. 1702 (2012). The Court also will not "accept as true a legal conclusion

couched as a factual allegation." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint, ultimately, is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.[4]

To state a plausible claim for relief, the plaintiff must plead factual content that "allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Plausibility" requires more than a "sheer possibility that a defendant has acted unlawfully," and a complaint that alleges facts that are "merely consistent with" liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (citing Twombly, 550 U.S. at 557); see also Arthur v. JP Morgan Chase Bank, NA, 569 F. App'x 669, 680 (11th Cir. 2014) (noting that Conley's "no set of facts" standard has been overruled by Twombly, and a complaint must contain "sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."). "A complaint is insufficient if it 'tenders naked assertions devoid of

---

[4]   The Supreme Court explicitly rejected its earlier formulation for the Rule 12(b)(6) pleading standard: "'[T]he accepted rule [is] that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Twombly, 550 U.S. at 577 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The Court decided that "this famous observation has earned its retirement." Id. at 563.

further factual enhancement.'" Tropic Ocean Airways, Inc. v. Floyd, — F. App'x —, No. 14-12424, 2014 WL 7373625, at *1 (11th Cir. Dec. 30, 2014) (quoting Iqbal, 556 U.S. at 678).

To survive a motion to dismiss, plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms., 372 F.3d 1250, 1263 (11th Cir. 2004); see also White v. Bank of America, NA, — F. App'x —, No. 14-10318, 2014 WL 7356447, at *2 (11th Cir. Dec. 29, 2014) ("[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal.") (quoting Oxford Asset Mgmt., Ltd. v. Jaharis, 297 F.3d 1182, 1188 (11th Cir. 2002)).[5]

Complaints filed *pro se* are to be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted). Nevertheless, a *pro se* plaintiff must comply with the threshold requirements of the

---

[5] Federal Rule of Civil Procedure 8(a)(2) requires the plaintiff to state "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In Twombly, the Supreme Court recognized the liberal minimal standards imposed by Federal Rule 8(a)(2) but also acknowledged that "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Federal Rules of Civil Procedure. "Even though a *pro se* complaint should be construed liberally, a *pro se* complaint still must state a claim upon which the Court can grant relief." Grigsby v. Thomas, 506 F. Supp. 2d 26, 28 (D.D.C. 2007).

  B. Analysis

    1. Plaintiff's Claims against the CCSO Defendants

Even construing a plaintiff's claims liberally, where a plaintiff identifies a defendant in the caption of his complaint but fails to allege any specific injury or legal violation committed by the captioned defendant in the complaint, the plaintiff fails to state a plausible claim for relief that would allow the Court to reasonably infer that the captioned defendant is liable to plaintiff. See Iqbal, 556 U.S. at 678; see also Cook v. Suntrust Mortgage, Inc., Case No. 10-cv-660, Doc. No. 4 at 2, n1 (April 26, 2010) (dismissing defendants, in part, because the complaint only mentions defendants in the caption but does not allege any facts to support a claim for liability). The Magistrate Judge recommends dismissing the CCSO Defendants because Plaintiff, aside from identifying the CCSO Defendants in the caption of his Complaint, does not assert any factual allegations or legal claims against the CCSO Defendants. (R&R at 5). The Court finds no plain error in this finding or recommendation, and the CCSO Defendants are required to be dismissed. See Slay 714 F.2d at 1095; Iqbal, 556 U.S. at 678.

### 2. Plaintiff's Claims against Hendrix

To state a deliberate indifference claim under Section 1983, a plaintiff must allege facts that plausibly show: (1) the plaintiff had a serious medical need; (2) the defendant was deliberately indifferent to that need; and (3) there is a causal connection between that indifference and the plaintiff's injury. Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1306-07 (11th Cir. 2009). A defendant is deliberately indifferent to a detainee's medical needs only if the defendant: (1) subjectively knew of a risk of serious harm; (2) disregarded that risk; and (3) displayed conduct beyond gross negligence. Pourmoghani-Esfahani v. Gee, 625 F.3d 1313, 1317 (11th Cir. 2010).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle v. Gamble, 429 U.S. 97, 106 (1976). Only conduct "beyond gross negligence" will support a Section 1983 claim for deliberate indifference to a serious medical need. See Gee, 625 F.3d at 1317; see also Estelle, 429 U.S. at 106.

The Magistrate Judge found that Plaintiff's allegations are insufficient to state a claim against Hendrix because Plaintiff did not demonstrate that his back

9

pain was so sufficiently serious that it--if left untreated-- would pose a substantial risk of serious harm.  (R&R at 8-9).  The Court finds no plain error in the Magistrate Judge's finding that Plaintiff's back pain does not constitute a serious medical need.  See Slay 714 F.2d at 1095; see also Wilson v. Smith, 567 F. App'x 676, 678 (11th Cir. 2014) ("[T]he medical need must be one that, if left unattended, poses a substantial risk of serious harm."); Burley v. Upton, 257 F. App'x 207, 210 (11th Cir. 2007) ("lower back pain is not the type of serious condition this circuit requires" because it is not "so serious that 'if left unattended, [it] pose[d] a substantial risk of serious harm.'") (citations omitted).

      The Magistrate Judge found also that Plaintiff did not allege any specific factual allegations against Hendrix in that would put Hendrix on notice of the claim against him.  (R&R at 10).  The Magistrate Judge noted that Plaintiff alleges only that a "physician's assistant" administered him Tylenol for his back pain and that Plaintiff was not referred to a "certified doctor."  (Id.; see also Compl. at 5).  The Magistrate Judge found that these allegations do not connect Hendrix to the alleged denial of medical care or provide a basis for the Court to find that Hendrix knew of the alleged risk of harm to Plaintiff.  (R&R at 10).  The Magistrate Judge noted further that, at most, Plaintiff's allegation regarding the physician assistant's prescription of Tylenol constitutes a mere disagreement with the course of

treatment, and does not constitute a deliberate indifference to his medical needs. (Id.). The Court finds no plain error in these findings or conclusions, and Plaintiff's claims against Hendrix are required to be dismissed. See Slay 714 F.2d at 1095; see also Smith v. Florida Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) ( a "simple difference in medical opinion between the prison's medical staff and the inmate" regarding the course of treatment does not state an Eighth Amendment claim.") (citations omitted); Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) (a complaint fails to state a claim against a defendant when it "fails to allege facts that associate [the defendant] with [the alleged] violation.").[6]

---

[6] In his Motion to Dismiss, Hendrix asserts that he is employed by a private entity and not the State and, thus, is not subject to Eighth Amendment claims. The Magistrate Judge found that "Dr. Hendrix's argument is unavailing [because] [] despite the fact that Defendant Hendrix is not employed by the CCADC, he concedes that he is under contract with Cobb County to provide medical care to inmates." (R&R at 6). The Court agrees. A private entity that contracts with the State to provide medical services to inmates is the functional equivalent of the municipality for purposes of § 1983. See Craig v. Floyd Cnty, 643 F.3d 1306, 1310 (11th Cir. 2011) ("[w]hen a private entity . . . contracts with a county to provide medical services to inmates, it performs a function traditionally within the exclusive prerogative of the state and becomes the functional equivalent of the municipality" under section 1983.") (internal quotations omitted).

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Justin S. Anand's Final Report and Recommendation [39] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant Hendrix's Motion to Dismiss [25] and the CCSO Defendants' Motion to Dismiss [26] are **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint [1] is **DISMISSED**.

**SO ORDERED** this 27th day of January, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE